# ORTEGALAW PLLC

Jana Ortega, Attorney at Law
818 W. 10th Street
Austin, Texas 78701

Telephone: 512/469-9900
Facsimile: 512/469-9775
Email: Jana@JanaOrtega.com

♦ ♦ ♦ ♦ ♦ ♦ ♦ ♦

May 25, 2022

**Sent Via CM/ECF**

The Honorable Judge Lee Yeakel
United States District Court, Western District
501 W. 5th Street
Austin, Texas 78701

        RE:   *United States of America v. Adrianne Spence*
              Docket No. 1:21 – CR - 00048-LY; Sentencing Memorandum

Dear Judge Yeakel:

Please find enclosed a Sentencing Memorandum and supporting documents on behalf of my client, Adrianne Spence. She is set for Sentencing on Friday, May 27, 2022. Among the attachments are a note Adrianne has written to the Court along with a few photos of her and her home as discussed in the memo. We are also enclosing caselaw in the form of *U.S. v. Grimaldo*, 993 F.3d 1077 (9th Cir. 2021).

Thank you for your time and attention to this matter. We look forward to appearing before the Honorable Court.

Sincerely,

Jana Ortega

JO/hc

Encl: Sentencing Memorandum and Supporting Documents

## United States District Court

## for the

## Western District of Texas

| | | |
|---|---|---|
| **United States of America** | § | |
| **vs.** | § | **Docket No. 1:21-CR-00048-LY-19** |
| **Adrianne Spence** | § | |

### Defendant's Sentencing Memorandum

Through counsel, Adrianne Spence files the following Sentencing Memorandum setting forth all arguments that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary.

### Introduction

When reviewing the indictment and plea agreement in this case, one would never believe that Adrianne Spence is a Navy Veteran, a mother of 14 year old Jeremiah and 11 year old Adriana, and a former homeowner. Despite a childhood in which she attended 13 different schools, she thrived as the "forever new girl." Before she even graduated from high school, she enlisted to serve our country. During her ten years, she held jobs in the Navy such as a Master at Arms and a Quarter Master, and then on to serve as a Recruiter. When she was discharged, she bought her first home with the help of a VA loan in Kyle, Texas.

### *Mitigation Considerations*

### Criminal History/Extenuating Life Circumstances

Adrianne prided herself on being able to balance multiple part-time jobs with taking care of her children and take care of a home when she finally discharged from the military and settle in Kyle, Texas. However, in 2016, the Homeowners Association of her neighborhood filed a lien on her home for unpaid fines, and she and her kids were evicted. At the same time, she learned

of her brother passing on – of all places – the Internet.  That timing directly corresponds with when Adrianne went into survival mode, as evidenced by her criminal history.  She first entered the criminal justice system six years ago, when she was arrested for stealing clothes and shoes for her kids.  She was 31 years old.  Since then, she has been arrested for theft seven times and various offenses connected with the charged drug distribution ring.  Fast forward to 2022 and she has accepted responsibility for conspiring to distribute methamphetamine.


### Specific Offense Characteristics – Two Point Increase Not Applicable

Adrianne begs the Court to reconsider the the imposition of the two point increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B) and in support thereof provides the following reasoning:

> U.S.S.G. § 2k2.1, comment. (n. 14(B)):  Application When Other Offense is Burglary or Drug Offense.
>
> "… (iii) in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia.  In these cases, application of subsection (b)(6)(B) and, if the firearm was cited in the offense of conviction, (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense … "

There is no direct link to the inference that the firearm was present to facilitate the offense of drug trafficking.   No packaging materials, ledgers, scales or other usual materials indicative of distribution or sales were found in her possession.  A  small amount of cash was present.  Also, there is no indication in her criminal history that she has ever been convicted for trafficking, distribution, or sale of contraband.  Further, it is noted in the

Offense Reprt that the initial call to law enforcement was for an alleged stolen vehicle. Thus, it is reasonable to infer that the firearm was not possessed with the intent to further any criminal activity.

In further support of Ms. Spence's argument against the 2-point increase, we ask the Court to consider the discussion and findings in *U.S. v. Grimaldo*, 993 F.3d 1077 (9th Cir. 2021). In this case, the 9th Circuit recognized that "possessing a firearm does not necessarily embolden a defendant to commit a felony and thus subject him to a sentencing enhancement." *Id at 1080*. Under this Court's reasoning, it may be argued that Adrianne's weapon did not embolden her possession of the methamphetamine, nor make such possession more likely, nor facilitate this felonious conduct.

Also, in *Grimaldo*, the Court of Appeals pointed out that there is a need to make a fact finding between a person's possession of a firearm with the likelihood of possessing narcotics. *Citing United States v. Polanco, 93 F.3d 555 (11th Cir. 1996)* for the proposition that the Court should require proof of a nexus between having a firearm and the underlying offense.

Finally, there has been no evidence presented by the Government that Adrianne possessed the firearm to advance her drug possession. As previously stated, no trafficking or drug sales materials were found at Adrianne's arrest. She does indeed have a history of theft, but none of drug distribution.

## Conclusion

Adrianne Spence begs the Court for leniency and to consider the circumstances that brought about her introduction to the criminal justice system. Adrianne prays the Honorable Court will sentence her to the mandatory minimum of five years so that she may salvage a relationship with her children.

Respectfully Submitted,

_____/s/_____
Jana Ortega
Texas State Bar No. 24041903
818 W. 10th Street
Austin, Texas 78701
Jana@OrtegaLaw.Legal
512-469-9900 (O)
512-469-9775 (F)

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing has been electronically furnished to Dan Guess, Assistant United States Attorney, via the CM/ECF system on May 25, 2022.

/s/ Jana Ortega

Dear Judge Yeakel,

My lawyer suggested I wrote a letter to you along with my sentencing memo. I have tried in vain to put my words on paper but it doesn't convey my message.

I look forward to speaking to you on Friday and sharing with you how a top 10% Navy recruiter, single mother of two became defendant number 19 on a case in the United States Western District.

Very Respectfully

Adrianne Spence
Adrianne Spence





**993 F.3d 1077 (2021)**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Manuel GRIMALDO, aka Manuel Cuevas, aka Manuel Grinaldo Cuevas, aka Manuel Grimaldo, Jr., aka Manuel Cuevas Grimaldo, Defendant-Appellant.**

No. 19-50151.

**United States Court of Appeals, Ninth Circuit.**

Argued and Submitted October 6, 2020 Pasadena, California.
Filed January 7, 2021.
Amended April 12, 2021.

Appeal from the United States District Court for the Central District of California; Andrew J. Guilford, Senior District Judge, Presiding, D.C. No. 8:16-cr-00164-AG-1.

Devin Burstein (argued), Warren & Burstein, San Diego, California, for Defendant-Appellant.

Daniel S. Lim (argued) and Bram M. Alden, Assistant United States Attorneys; Brandon D. Fox, Chief, Criminal Division; Tracy L. Wilkison, Acting United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

Before: MILAN D. SMITH, JR. and KENNETH K. LEE, Circuit Judges, and KATHLEEN CARDONE,[*] District Judge.

1079 *1079 **ORDER**

Appellee's petition for rehearing (Dkt. No. 50) is GRANTED. The Opinion filed on January 7, 2021, is amended as follows:

On slip opinion page 7, lines 12-14, modify: to:

On slip opinion page 9, lines 20-21, modify: to:

The Clerk shall file the amended opinion submitted with this Order. No further petitions for rehearing or rehearing en banc may be filed.

## OPINION

LEE, Circuit Judge.

In this case, we recognize that possessing a firearm does not necessarily embolden a defendant to commit a felony and thus subject him to a sentencing enhancement.

1080 *1080 Manuel Grimaldo, arrested with nearly a quarter pound of methamphetamine and an inoperable pistol on his person, was found guilty of simple possession of methamphetamine and pled guilty for felon-in-possession of a firearm. The district court sentenced him to 120 months after adopting a four-level enhancement for possession of a weapon in connection with another felony (i.e., simple possession). He now appeals under 18 U.S.C. § 3742.

We hold that the district court erred in concluding that Grimaldo's pistol emboldened him to possess methamphetamine. The district court made no findings that Grimaldo's firearm made his drug possession more likely. We also vacate the concurrent 36-month sentence for the possession count because the parties agree that the district court erred in exceeding the maximum applicable sentence. We remand these two issues to the district court for further proceeding.

## BACKGROUND

10/19/21, 12:27 PM
Case 1:21-cr-00048-LY   Document 1074   Filed 05/26/22   Page 10 of 13
United States v. Grimaldo, 993 F. 3d 1077 - Court of Appeals, 9th Circuit 2021 - Google Scholar

In June 2016, detectives with the Buena Park Police Department's Community Impact Team monitored the Days Inn Motel, locally known as a vibrant hub for narcotics transactions and prostitution. The officers witnessed two men exit the motel and drive away in a Chevy Tahoe. Officers discovered that the vehicle's registration had expired, and that the registered owner's license was either suspended or revoked. They pursued and stopped the vehicle, and questioned both the driver and the passenger, Manuel Grimaldo. In response, Grimaldo revealed that he possessed a loaded pistol. A subsequent pat-down revealed a large plastic bag containing about 107 grams of methamphetamine — nearly a quarter pound. A subsequent search of Grimaldo's room at the motel revealed a digital scale as well as glass pipes, the interiors of which were coated in a white substance.

One of the arresting officers tried to clear the gun's chamber, then-containing two bullets, in preparation for transport. The gun's slide, however, would not function. He then took it to the police range for further examination, at which point he discovered "an unknown residue throughout the inside of the handgun that gummed everything up." That rendered the weapon virtually inoperable.

Several months later, federal prosecutors indicted Grimaldo on three counts: Count 1 — possession with intent to distribute methamphetamine under 21 U.S.C. § 841 (a)(1); Count 2 — possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c); and Count 3 — felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

In November 2018, Grimaldo entered a guilty plea to Count 3 (felon-in-possession) and proceeded to trial on Counts 1 and 2. Grimaldo argued that he never intended to sell any of his drugs. To the contrary, he claimed that his quarter pound of meth was for personal consumption. Although the jury acquitted Grimaldo on Count 2 (possession of a firearm in furtherance of a trafficking offense), it convicted him of simple possession of methamphetamine under 21 U.S.C. § 844(a), a lesser included offense on Count 1.

The February 2019 Presentence Report (PSR) produced a total offense level of 26 and a Sentencing Guidelines range of 120-150 months. The PSR also recommended a 36-month term for Count 1. But under 21 U.S.C. § 844(a), simple possession is limited to a statutory maximum sentence of 12-months. One "prior conviction for any drug, narcotic, or chemical offense" will increase the statutory maximum to 24-months, and a second will increase it to 36-months. *Id.* For the

1081 statutory increases to apply, the government must file an information alleging the prior convictions under \*1081 21 U.S.C. § 851. The government's information, however, alleged only one predicate conviction. Grimaldo also objected to Paragraphs 57-61 of the PSR, which documented prior arrests that did not lead to convictions.

At sentencing, the district court denied Grimaldo's request to strike from the PSR the paragraphs detailing some of his prior arrests. The court also adopted the Guidelines range in the PSR, including a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a weapon in connection with another felony. The court sentenced Grimaldo to 120 months on Count 3. It also sentenced him to 36 months on Count 1, running concurrently with his other sentence.

Grimaldo timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

Because Grimaldo did not preserve his sentencing challenges at the district court, we review for plain error. *United States v. Valenzuela*, 495 F.3d 1127, 1130 (9th Cir. 2007). Reversal "is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011) (citing *United States v. Olano*, 507 U.S. 725, 732-37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Even so, reversal remains discretionary. See *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

We review for abuse of discretion a district court's decision to deny a request to modify a presentence report. See *United States v. Hardesty*, 958 F.2d 910, 915 (9th Cir. 1992).

## ANALYSIS

10/19/21, 12:27 PM

Case 1:21-cr-00048-LY   Document 1074   Filed 05/26/22   Page 11 of 13
United States v. Grimaldo, 993 F. 3d 1077 - Court of Appeals, 9th Circuit 2021 - Google Scholar

# I. The district court plainly erred by failing to determine whether Grimaldo used or possessed the gun "in connection with" another felony offense.

At sentencing, the district court adjusted Grimaldo's Guideline range four levels upwards under U.S.S.G. § 2K2.1(b)(6)(B). Grimaldo claims that this constitutes plain error. We agree, and vacate and remand to the district court for further consideration.

## A. Grimaldo did not waive his challenge to the Guidelines calculation.

In the first place, the government contends that Grimaldo's repeated agreement to the enhancement constitutes waiver, precluding him from challenging it. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citations omitted). The government maintains that Grimaldo "made a strategic decision not to contest" the enhancement, "agreed to that enhancement in his sentencing brief," and "reiterated his agreement [to its inclusion] six times." But Grimaldo responds that any "strategic" or "tactical" decision would have been "nonsensical." We agree. The government attempts to raise mountains from molehills, but nothing in the record erects an insurmountable barrier to appellate review.

1082  In determining whether waiver occurred, we look to the defendant's knowledge of the error and whether he or she sought to exploit it for a tactical advantage. *See United States v. Perez,* 116 F.3d 840, 844-45 (9th Cir. 1997) (en banc) (holding *1082 that a defendant did not waive his right to appeal an erroneous jury instruction, despite counsel's affirmative agreement to it at trial, because there was no "evidence in the record that the defendant... considered the controlling law ... and, in spite of being aware of the applicable law, proposed or accepted a flawed instruction"); *United States v. Jimenez,* 258 F.3d 1120, 1124 (9th Cir. 2001) (recognizing that failure to object to a district court's finding of a prior aggravated felony, but confirming the accuracy of a PSR, "is not sufficient to wa[i]ve the right to appeal," and that there must be evidence that the defendant was either aware of controlling law, or otherwise sought to use it for tactical gain).

Grimaldo agreed that application of the four-level enhancement was legitimate; indeed, he agreed many times. But the record, reasonably read, reflects no knowledge of contrary law — let alone strategic maneuvering. And it supports no conclusion that Grimaldo, or his counsel, made these decisions for tactical advantage. We thus exercise our discretion to proceed to the merits.

## B. The district court plainly erred by applying the four-level enhancement.

For the four-level enhancement to apply, the government "must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated — *i.e,* had some potential emboldening role in — a defendant's felonious conduct." *United States v. Routon,* 25 F.3d 815, 819 (9th Cir. 1994). The government argues that Grimaldo's possession of a firearm emboldened his possession of narcotics. This position is not frivolous. *See United States v. Bishop,* 940 F.3d 1242, 1253 (11th Cir. 2019) (opining that "under some circumstances a small quantity of drugs may be more valuable to an addict whose actions are motivated by desperation than a larger quantity may be to someone who is in the business of trafficking drugs ... [this] could actually weigh in favor of ... a finding that the defendant's firearm has the potential to facilitate his drug possession"). Grimaldo admitted to keeping guns around to help ameliorate his drug-induced paranoia.

But it is not self-evident that possessing a firearm emboldens a person to possess narcotics for personal use. As Grimaldo assures us, for emboldening drug possession, addiction alone may suffice. The district court needed to make factual findings connecting Grimaldo's possession of a firearm with his likelihood of owning illegal narcotics. *See United States v. Polanco,* 93 F.3d 555, 565-66 (9th Cir. 1996) (requiring "proof of a 'connection' between the use or possession of the firearm and the underlying offense"). It never did that. Absent such a finding, a defendant found with a firearm could face this four-level enhancement for virtually any felony because a firearm theoretically may embolden him or her to commit a crime. But in imposing enhancements under the Guidelines, we cannot be swayed by speculation or convinced by conjecture. *See United States v. Noster,* 590 F.3d 624, 635 (9th Cir. 2009) (explaining that "[t]he government bears the burden of producing sufficient evidence that the defendant intended to use or possessed the firearm in connection with a specifically

10/19/21, 12:27 PM

Case 1:21-cr-00048-LY Document 1074 Filed 05/26/22 Page 12 of 13
United States v. Grimaldo, 993 F. 3d 1077 - Court of Appeals, 9th Circuit 2021 - Google Scholar

contemplated felony"); *Bishop*, 940 F.3d at 1252 (holding "that mere proximity between a firearm and drugs possessed for personal use cannot support the § 2K2.1(b)(6)(B) enhancement without a finding that the gun facilitated or had the potential to facilitate the defendant's drug possession"); *United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009) (explaining
1083 that "[i]f the underlying drug offense is for simple possession, the district court may still apply *1083 the adjustment, but *only after making a finding that the firearm facilitated the drug offense*") (emphasis added).

The government relies on our decision in *United States v. Routon*, but that case is distinguishable. 25 F.3d 815, 819 (9th Cir. 1994). In that case, we reviewed for clear error whether the four-level enhancement properly applied to an interstate car thief found in possession of a gun. We held that the enhancement was proper for two reasons: the defendant (1) brought the gun with him "whenever he rode in the [stolen] car," and (2) "he also kept it within a short distance" when driving. *Id.* Stealing a car invites the risk that the owner, let alone the police, will seek to repossess it. While a gun does not mitigate the risk — in fact, it may heighten it — it helps remove barriers. But the district court never found that Grimaldo used his firearm for such a purpose. We thus conclude that the government failed to prove that possessing a gun emboldened Grimaldo's possession of narcotics.[1]

We vacate the 120-month sentence and remand for further consideration.

## II. We exercise our discretion and remand for resentencing on Count 1 because the district court imposed an illegal sentence.

Grimaldo also challenges the 36-month sentence for simple possession running concurrent to his 120-month sentence for possessing a firearm as a felon. The government concedes that Grimaldo's 36-month sentence is illegal because it exceeds the applicable statutory maximum. But it counters that because the illegal sentence ran concurrent to Grimaldo's longer, valid 120-month sentence, it does not affect his substantial rights. The district court plainly erred.

Grimaldo and the government agree that his sentence constitutes error, and that the error is plain. We concur. An illegal sentence is one "in excess of the permissible statutory penalty for the crime." *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986). Imposition of a sentence exceeding a statutory maximum constitutes plain error. *See United States v. Guzman-Bruno*, 27 F.3d 420, 423 (9th Cir. 1994). Grimaldo was convicted of simple possession of methamphetamine under 21 U.S.C. § 844(a). The statute authorizes a sentence for possession of methamphetamine for a term of "not more than 1 year," increasing to two years if a defendant has one "prior conviction for any drug, narcotic, or chemical offense," and again to three years if he or she has two or more applicable priors. 21 U.S.C. § 844(a).

To authorize an increase in the maximum penalty, 21 U.S.C. § 851 requires the government to file an information alleging these prior convictions for any "offense under this part." 21 U.S.C. § 851(a)(1). This, in turn, governs increases under 21 U.S.C. § 844(a). Yet the government filed an information alleging only a single prior conviction. Even still, the parties dispute whether Grimaldo faced a 12-or-24-month maximum sentence. Either way, the sentence imposed exceeded the relevant
1084 statutory maximum. *See United States v. Goodbear*, 676 F.3d 904, 912 (9th Cir. 2012) *1084 (holding that the district court plainly erred by imposing a sentence in excess of the statutory maximum).

Still, to prevail under plain error review, Grimaldo must establish that the illegal sentence affects his "substantial rights" and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See Olano*, 507 U.S. at 732-37, 113 S.Ct. 1770. Grimaldo implores us to declare that any illegal sentence violates a defendant's due process rights, therefore degrading the entire judicial process. He further contends that he faces a substantial risk of prejudice, should he recidivate, because Congress could, in the future, change the Guidelines to treat his concurrent sentences as separate ones when calculating Criminal History Points. Yet, the government argues that, because Grimaldo's possession sentence exceeds the concurrent illegal sentence, his liberty, and any other substantial rights, are unaffected. Likewise, it reminds us that Grimaldo's prejudice argument rests on speculative and attenuated grounds.

We need not decide whether Grimaldo has carried his burden. Because we remand this case for resentencing on the Guidelines calculation, we also exercise our discretion to vacate the 36-month sentence under Count I, and remand the matter to it for resentencing. *See Bayless v. United States* 347 F.2d 354, 356 (9th Cir. 1965) (vacating and remanding for reconsideration, sua sponte, the shorter of two improper sentences).

Case 1:21-cr-00048-LY   Document 1074   Filed 05/26/22   Page 13 of 13

## III. The district court acted appropriately in denying Grimaldo's motion to strike portions of the Presentence Investigation Report.

Finally, Grimaldo argues that the district court erred by not striking certain arrest allegations in the PSR. We review for abuse of discretion a district court's decision to deny a request to modify a presentence report. See <u>Hardesty, 958 F.2d at 915</u>. Finding none, we affirm.

Congress writes the law, and we apply it. Under Federal Rule of Criminal Procedure 32(d)(2)(A)(i), a "presentence report must also contain ... the defendant's history and characteristics, including: (i) any prior criminal record." On the other hand, the catch-all provision in Rule 32(d)(3)(C) requires the PSR's exclusion of "any information that, if disclosed, might result in physical or other harm to the defendant or others." Nothing in the plain text of the rule requires exclusion of prior arrests for which there was no conviction. See <u>United States v. Schrader, 846 F.3d 1247, 1248 (8th Cir. 2017) (per curiam)</u> (affirming the district court's refusal to strike sexual assault allegations because "Rule 32 does not compel [their] exclusion"); <u>United States v. Asante, 782 F.3d 639, 649 (11th Cir. 2015)</u> (holding that "even if the rules do not require the PSR to contain the information [in the relevant section] the district court had discretion to include it" because it did not fit into any of the "three narrow categories of information" properly excluded from it).

Indeed, 18 § U.S.C. 3553(a)(1) mandates that courts "shall consider ... the nature and circumstances of the offense and the history and characteristics of the defendant." Simultaneously, 18 U.S.C. § 3661 prohibits any "limitation ... placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an additional sentence." We need not opine on whether Rule 32(d)(1)(A)(i) requires the inclusion of past arrests for which there was no conviction.[2] Instead, we hold that a district 1085 court *1085 does not abuse its discretion by refusing to strike past arrests that did not result in convictions.

## CONCLUSION

We AFFIRM the district court's refusal to strike arrest allegations in the PSR. We VACATE the 36-month and 120-month sentences for Counts 1 and 3, respectively, and REMAND for further consideration.[3]

[*] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

[1] The government argues that the district court could have considered acquitted conduct in sentencing under a preponderance of the evidence standard. <u>United States v. Watts, 519 U.S. 148, 149, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam)</u>. Although the jury acquitted Grimaldo of drug trafficking, the record contains suggestive evidence, as he was found with a substantial amount of meth and $2,500 in cash, along with a digital scale stashed in his motel room. The district court, however, excluded much of that evidence at trial. Such evidence may well suffice to establish that Grimaldo was engaging in methamphetamine trafficking. But the district court never made any consistent findings, and we will not decide this issue on appeal.

[2] We note, however, that other courts have. See, e.g., <u>United States v. Rodriguez-Reyes, 925 F.3d 558, 561 (1st Cir. 2019)</u> (noting that the "PSR also listed, as required six arrests which did not lead to convictions") (emphasis added); <u>United States v. Warren, 737 F.3d 1278, 1281 n.4 (10th Cir. 2013)</u> (explaining that PSRs "must include `any prior criminal record' of a defendant") (citing Fed. R. Crim. P. 32(d)(2)(A) (i)).

[3] We also DENY Grimaldo's pending motion to strike the government's Rule 28(j) letter.

Save trees - read court opinions online on Google Scholar.